## HENNIS v. STREEPER.

June 25, 1836.

*Rule on the sheriff to pay money into court.*

Where on a *fieri facias* the sheriff sells personal property, and the landlord of the house in which are the goods levied on, makes a claim for rent under the act of 21st of March 1772, the proceeds of which *fieri facias* are insufficient to pay the sheriff's costs and the rent, the sheriff has the right nevertheless to his costs, and the landlord is not entitled to a priority of payment of his rent out of the proceeds as against such costs.

THE sheriff had sold the property of the defendant under a *fieri facias*. The landlord had made a claim for rent due him for the house, in which were the goods levied on and sold, under the act of 21st of March 1772, section 4. The proceeds of sale were insufficient to pay the sheriff's costs, and the claim for rent, in full. The sheriff had retained his costs and paid the balance of the proceeds to the landlord, who thereupon obtained a rule on the sheriff to pay the sum into court which he had retained for his costs. Upon this rule came up the question, whether, by the act referred to, the sheriff was not deprived of costs in favour of the landlord.

*Kennedy,* for the rule, contended, that by the language of the act, viz. "the said sheriff shall pay such rent *if so much shall be in his hands,* and apply the *overplus* thereof, if any, towards satisfying the *debt and costs* in such execution mentioned," the sheriff's costs must be postponed until the claim of rent is wholly satisfied.

*H. J. Williams, contra.*

[Hennis v. Streeper.]

PER CURIAM.—The fee bill of the 22d of February 1821, expressly gives the sheriff certain costs for the levy, advertising and sale of goods on a *fieri facias*. And the preference given to rent over costs, in the act of 21st of March 1772, is confined to the costs *in the execution mentioned*. The sheriff's costs are never mentioned *in* the writ of execution, and there is no reason for depriving the sheriff of a compensation for his services, when, if the landlord had pursued the remedy of distress, he would be liable to the costs of executing the distress.

Rule discharged.